# EXHIBIT A

# STATE COURT DOCUMENTS



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 34018949**
**Date Processed: 05/11/2026**

**Primary Contact:**
Julie Heine
Seyfarth Shaw LLP - Equifax
1075 Peachtree St NE
Ste 2500
Atlanta, GA 30309-3958

**Electronic copy provided to:**
Dana Hantack
Jessica Wiles
Kristin Zielmanski
Jessica Spurlock
Legal Department
Marteese White
Nadia Reynaga-Moreno
Janise Jordan
Deborah Fataki
Mackenzie Cole
Laura Ratliff
Trent McNeill
Luke Donohue
Dee Davis
Nadia Jenkins-Bey
Jill Steinberg
Elisa Lyons
Mary Stokes

| | |
|---|---|
| **Entity:** | Equifax Information Services LLC<br>Entity ID Number 0635578 |
| **Entity Served:** | Equifax Information Services, LLC |
| **Title of Action:** | Daniel Blake Colter vs. Santander Consumer USA Inc. |
| **Matter Name/ID:** | Daniel Blake Colter vs. Santander Consumer USA Inc. (19244092) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Aiken County Court of Common Pleas, SC |
| **Case/Reference No:** | 2026-CP-02-01102 |
| **Jurisdiction Served:** | South Carolina |
| **Date Served on CSC:** | 05/11/2026 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Dave Maxfield, Attorney, LLC<br>803-509-6800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Dave Maxfield
PO Box 11865
Columbia SC 29211

0013951919000011
VIA CERTIFIED MAIL
CORPORATION SERVICE COMPANY
100 Coastal Drive, Ste. 210
Charleston SC 29492



**USPS CERTIFIED MAIL**

9214 8901 4298 0478 2427 12

# See Important Information Enclosed


## davemaxfield
### CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803.509.6800
Toll Free Fax: 855.299.1656
Web: consumerlawsc.com

Mailing Address:     Physical Address:
P.O. Box 11865    SOCO 80808 Building
Columbia, SC 29211     808 D Lady Street
Columbia, SC 29201

*Member, National Association of Consumer Advocates*
*Member, Public Investors Arbitration Bar Association*

May 7, 2026

**VIA CERTIFIED MAIL**
CORPORATION SERVICE COMPANY
100 Coastal Drive, Ste. 210
Charleston, SC 29492

RE:    Daniel Blake Colter v. Santander Consumer USA, Inc., Equifax Information
Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC
Case No. 2026-CP-02-01102

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **Equifax Information Services, LLC**, is a filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

ELECTRONICALLY FILED - 2026 Apr 28 12:58 PM - AIKEN - COMMON PLEAS - CASE#2026CP0201102

STATE OF SOUTH CAROLINA

COUNTY OF AIKEN

Daniel Blake Colter

Plaintiff,

-vs-

Santander Consumer USA Inc., Equifax
Information Services, LLC, Experian
Information Solutions, Inc., and Trans Union
LLC,

Defendants.

IN THE COURT OF COMMON PLEAS

SECOND JUDICIAL CIRCUIT

Case No.

**<u>SUMMONS</u>**

TO:    THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865, Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211-1865
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: April 28, 2026

ELECTRONICALLY FILED - 2026 Apr 28 12:58 PM - AIKEN - COMMON PLEAS - CASE#2026CP0201102

STATE OF SOUTH CAROLINA

COUNTY OF AIKEN

Daniel Blake Colter,

Plaintiff,

vs.

Santander Consumer USA Inc.,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
and Trans Union, LLC,

Defendants.

IN THE COURT OF COMMON PLEAS

SECOND JUDICIAL CIRCUIT

**COMPLAINT**

(Jury Trial Requested)

Plaintiff, complaining of the Defendants above named, would respectfully show:

### JURISDICTION

1. The State of Residence of Plaintiff is South Carolina, County of Aiken.

2. Santander Consumer USA Inc. ("Santander") is a foreign corporation with its headquarters and nerve center in Dallas, Texas, doing business in the State of South Carolina.

3. Equifax Information Services, LLC ("Equifax") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Georgia.

4. Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Texas.

5. Trans Union, LLC ("Trans Union") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Illinois.

6. This Court has jurisdiction over the parties and subject matter of this action and venue is proper in Aiken County, where Plaintiff resides and where the events giving rise to this action substantially occurred.

### FACTS

7. On October 26, 2024, Plaintiff purchased a 2024 Ford Mustang (VIN 1FA6P6TH7R5137626) from Stokes-Hodges Ford in Graniteville, South Carolina.

1

ELECTRONICALLY FILED - 2026 Apr 28 12:58 PM - AIKEN - COMMON PLEAS - CASE#2026CP0201102

8. Defendant Santander financed the above vehicle purchase through a Retail Installment Sale Contract assigned to Santander, with an Amount Financed of $41,039.08 and a 75-month term.

9. As part of the financing arrangement, Plaintiff purchased Guaranteed Asset Protection ("GAP") coverage to cover any deficiency between the vehicle's actual cash value and the outstanding loan balance in the event of total loss.

10. Plaintiff maintained comprehensive and collision insurance on the vehicle through State Farm Mutual Automobile Insurance Company as required by the loan agreement.

11. From the inception of the loan through the date of loss, Plaintiff made all payments due to Santander on time and in the correct amounts.

12. On December 16, 2024, Plaintiff's vehicle was destroyed in a motor vehicle collision.

13. The collision was a covered loss under Plaintiff's insurance policy.

14. Following the accident, State Farm determined that the vehicle was a total loss, formally declaring same in writing on December 27, 2024.

15. Following the total loss determination, Plaintiff informed Santander that he would not be making further loan payments, as the vehicle no longer existed.

16. Despite delays caused by Santander's failure to timely provide required documentation to Plaintiff's insurance carrier, the primary insurance settlement and the GAP claim were ultimately processed.

17. Santander received the following payments toward Plaintiff's account, all of which Santander accepted and applied:

18. Total payments received by Santander on Plaintiff's account totaled $39,864.55.

19. By correspondence dated September 23, 2025, Santander itself confirmed in writing that Plaintiff's contract balance as of that date was $35,729.12.

20. The total payments received by Santander ($39,864.55) exceed Santander's own stated contract balance ($35,729.12) by $4,135.43.

21. Notwithstanding the foregoing, Santander has continued to claim that Plaintiff owes a deficiency balance of $704.12, which claim is false.

22. On April 28, 2025, during a recorded telephone call, a Santander representative (identified as "Ley," ID #667475) confirmed to Plaintiff that Santander had received the GAP settlement payment but informed Plaintiff that Santander was continuing to report a remaining balance and to bill monthly payments on the account.

23. By detailed letters dated May 28, 2025 and November 24, 2025, Plaintiff disputed the alleged deficiency directly with Santander, providing documentary proof of overpayment and demanding cessation of collection activity, written confirmation of $0 balance, and removal of negative credit reporting.

24. Santander acknowledged receipt of Plaintiff's dispute correspondence by letter dated August 22, 2025, but failed to make any correction.

ELECTRONICALLY FILED - 2026 Apr 28 12:58 PM - AIKEN - COMMON PLEAS - CASE#2026CP0201102

25. Beginning in approximately April 2025, and continuing through the present, Santander has reported negative credit information regarding Plaintiff's account to the credit reporting agencies, including but not limited to:

26. This negative credit reporting is false and misleading because:

27. Santander's credit reporting fails to include critical context that the account relates to a total-loss vehicle that was fully paid off through insurance and GAP proceeds, and instead falsely portrays Plaintiff as a consumer who simply failed to make payments.

28. Beginning in approximately December 2025, Plaintiff submitted disputes to Defendants Equifax, Experian, and Trans Union regarding the false and incomplete information being reported by Santander. Plaintiff's disputes included supporting documentation, including Santander's own September 23, 2025 deficiency letter, payment records, and the GAP settlement breakdown.

29. By letter dated December 22, 2025, Equifax refused to process Plaintiff's dispute, citing purported identity verification issues despite Plaintiff having provided his correct name, address, and identifying information consistent with Equifax's existing records.

30. By correspondence dated December 25, 2025, Trans Union refused to process Plaintiff's dispute, claiming the dispute was "unclear or illegible," despite Plaintiff having identified the disputed account, account number, and basis for dispute.

31. By letter dated January 9, 2026, Experian advised that it had completed its reinvestigation of Plaintiff's dispute concerning the Santander account but had made no substantive correction to the account, leaving the false charged-off status, false past-due balance, and false late-payment history in place.

32. Rather than conducting proper investigations or correcting the false information, Defendants Equifax, Experian, and Trans Union either refused to investigate, conducted unreasonable investigations, and/or simply parroted Santander's false and incomplete information.

33. After being notified of Plaintiff's disputes by the credit reporting agencies, Santander failed to conduct a reasonable investigation, failed to correct the false information, and continued to report the same inaccurate information to the credit reporting agencies.

34. On January 6, 2026, Santander sent Plaintiff a "Limited Time Settlement Offer" offering to accept $352.06 to settle the alleged $704.12 balance — an admission of doubt as to its own claim — while continuing to report the account as charged off and past due.

35. The negative credit reporting is the most significant negative account on Plaintiff's otherwise positive credit history and has materially harmed his credit score and ability to obtain credit on favorable terms.

36. As a direct and proximate result of Defendants' wrongful and unlawful acts, Plaintiff has been damaged.

37. The wrongful acts of the Defendants described caused the following concrete and particularized harms and losses:

ELECTRONICALLY FILED - 2026 Apr 28 12:58 PM - AIKEN - COMMON PLEAS - CASE#2026CP0201102

38. Defendants must pay all sums needed to compensate for all harms and losses proximately caused by the wrongful acts described, to return Plaintiff to the position enjoyed before wrongful injury.

39. For those harms and losses reasonably expected to continue, Defendants must compensate for their expected continuing impact and effect.

40. Additionally, due to the intentional or reckless nature of the wrongful acts described, Defendants must pay nominal or symbolic damages and punitive damages to punish said conduct and deter its reoccurrence.

41. Defendants must further pay attorney's fees and costs, as well as the penalties mandated by violation of important statutory rights referenced below.

42. The harms and losses caused by Defendants are likely to be redressed by a favorable judicial decision, through an award of the above damages, assessment of fines and punitive damages, an award of attorney's fees and all litigation costs, and injunctive relief.

**FOR A FIRST CAUSE OF ACTION AS TO SANTANDER**
**(Violation of 15 U.S.C. § 1681s-2(b), Failure to Conduct Proper Investigation)**

43. The above allegations are repeated and realleged herein as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.

44. The definition of a "furnisher of information" contained in the Fair Credit Reporting Act, as amended, applies to Defendant Santander.

45. After being notified by the consumer reporting agencies that derogatory information was disputed by Plaintiff, Defendant Santander failed to conduct timely or proper investigations of the disputed information as required by 15 U.S.C. § 1681s-2(b).

46. Thereafter, Defendant negligently and willfully re-reported inaccurate information to the consumer reporting agencies, violating the Fair Credit Reporting Act regarding reinvestigation.

47. Defendant further reported incomplete or misleading information to the credit reporting agencies, omitting the fact that the vehicle was a total loss covered by insurance and GAP proceeds that fully satisfied the contract balance, making it appear to users of Plaintiff's report that he was simply someone who failed to make timely payments.

48. Defendant further failed to note in its reporting that the account was "disputed" as required.

49. The action and inaction of Defendant, as described herein, caused great and irreparable injury to Plaintiff.

50. Defendant maliciously and/or with willful intent to injure, defamed Plaintiff and invaded the legitimate expectation of privacy of Plaintiff.

51. Besides actual or compensatory damages, a judgment should be granted to Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages and/or for willful

ELECTRONICALLY FILED - 2026 Apr 28 12:58 PM - AIKEN - COMMON PLEAS - CASE#2026CP0201102

violations of the Fair Credit Reporting Act, together with attorney's fees and costs under 15 U.S.C. §§ 1681n and 1681o.

## FOR A SECOND CAUSE OF ACTION AS TO DEFENDANTS EQUIFAX, TRANS UNION, AND EXPERIAN
### (Negligent Noncompliance with FCRA)

52. The allegations contained hereinabove are repeated as if alleged verbatim, to the extent not inconsistent with this cause of action.

53. Defendants prepared and furnished credit reports on Plaintiff that contain false information.

54. Plaintiff notified Defendants of the false information, disputed that information, and asked Defendants to correct it.

55. Despite those disputes, Defendants continued to report false information.

56. Upon information and belief, the reporting is at present false and incorrect.

57. Defendants negligently failed to comply with the requirements of the FCRA, including but not limited to the requirements in 15 U.S.C. §§ 1681e, 1681g, and 1681i.

58. Because of the above failure to comply with the requirements of FCRA, Plaintiff suffered and will continue to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities, for which damages should be awarded in an amount to be determined by the jury.

59. The Court should further award attorney fees under 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for:

A. Actual damages in an amount to be proven at trial, including but not limited to harm to credit, emotional distress, lost time, and other consequential damages;

B. Statutory damages under the Fair Credit Reporting Act;

C. Punitive damages against all Defendants for their willful, wanton, and reckless conduct;

D. Attorney's fees and costs as provided by 15 U.S.C. §§ 1681n and 1681o;

E. Pre- and post-judgment interest as allowed by law;

F. Injunctive relief requiring correction of Plaintiff's credit reports;

G. Such other relief as the Court deems just and proper.

Respectfully Submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

April 27, 2026

ELECTRONICALLY FILED - 2026 Apr 28 12:58 PM - AIKEN - COMMON PLEAS - CASE#2026CP0201102

6

STATE OF SOUTH CAROLINA

COUNTY OF AIKEN

Daniel Blake Colter

Plaintiff,

Vs.

Santander Consumer USA Inc., Equifax
Information Services, LLC, Experian
Information Solutions, Inc., and Trans Union
LLC,

Defendants.

IN THE COURT OF COMMON PLEAS
SECOND JUDICIAL CIRCUIT

Case No. 2026-CP-02-01102

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that

on **May 7, 2026**, I served the foregoing **Summons & Complaint**, by sending a copy of same by

United States First Class Mail, Certified Delivery, Return Receipt Requested to the following:

CT CORPORATION SYSTEM
2 Office Park Court, Ste 103
Columbia, SC 29223
*(on behalf of Santander Consumer USA, Inc.)*

CT CORPORATION SYSTEM
2 Office Park Court, Ste 103
Columbia, SC 29223
*(on behalf of Experian Information Solutions, Inc.)*

CORPORATION SERVICE COMPANY
100 Coastal Drive, Ste. 210
Charleston, SC 29492
*(on behalf of Equifax Information Services, LLC)*

THE PRENTICE-HALL CORPORATION
SYSTEM, INC.
100 Coastal Drive, Ste. 210
Charleston, SC 29492
*(on behalf of Trans Union LLC)*

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211-1865
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

